**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

SCHYLA JACKSON,
   Plaintiff,

v.

ATLANTA PUBLIC SCHOOLS,
   Defendant.

Civil Action No.
1:20-cv-01056-SDG

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Schyla Jackson's *pro se* motion for reconsideration [ECF 86].[1] For the following reasons, Jackson's motion is **DENIED**.

**I.  BACKGROUND**

Jackson asks for reconsideration of the Court's grant of summary judgment to Defendant Atlanta Public Schools (APS) on all of Jackson's remaining claims: gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, and age discrimination and retaliation under the Age Discrimination in Employment Act.[2] The Court granted summary judgment on March 31, 2023, via adoption of the entirety of United States Magistrate Judge Walker's Report and Recommendation.[3] Twenty-six days later, Jackson filed the instant motion for

---

[1]  Based on counsel of record's filings and change in employment, it appears that they no longer represent Plaintiff in this matter. ECFs 71, 88-1.

[2]  ECF 86, at 1.

[3]  ECF 77.

1

reconsideration. Because Jackson's motion was filed within 28 days of entry of judgment, the Court construes it as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).

## II.     LEGAL STANDARD

The Eleventh Circuit recognizes only two grounds for granting a Rule 59(e) motion: either "newly-discovered evidence" or "manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Regarding the first, evidence is not newly discovered if it "could have been discovered" earlier, *id.* at 1344; regarding the second, error is not manifest if it leaves the reviewing court with anything less than the "definite and firm conviction that a mistake has been committed," *Bellitto v. Snipes*, 935 F.3d 1192, 1197 (11th Cir. 2019). Rule 59(e), in other words, cannot be used to take "two bites at the apple." *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985); *Arthur*, 500 F.3d at 1343 ("A Rule 59(e) motion cannot … raise argument or present evidence that could have been raised prior to the entry of judgment." (cleaned up)). A Rule 59(e) motion is thus improper where it raises "altogether new arguments," *Am. Home*, 763 F.2d at 1239, or "relitigate[s]" already-decided issues, *Arthur*, 500 F.3d at 1343.

**III.   DISCUSSION**

The Court finds that Jackson has neither put forth newly discovered evidence nor demonstrated a manifest error in the Court's judgment, including on the five specific grounds that she identifies and which are discussed in turn.

In Jackson's first ground for reconsideration, she argues that the Court made a manifest error by ruling that no dispute of material fact existed as to APS's liability despite the following evidence from Jackson's civil service hearing of APS's retaliatory motive:

1. APS replaced hearing officer Burgoon, who had ruled favorably towards Jackson on the admissibility of an internal investigative report;

2. APS replaced Burgoon with biased hearing officer Long-Daniels;

3. Long-Daniels improperly allowed hearsay testimony to be read into the hearing record; and

4. Long-Daniels was not a neutral arbiter, as shown by the following "newly discovered evidence": Long-Daniels was admitted to the Georgia Bar on December 2, 2005; Long-Daniels specializes in local government law; Long-Daniels is regularly employed by the City of Atlanta; and Long-Daniels is affiliated with APS.[4]

---

[4]   ECF 86, at 1–2.

Of these, the first three were already considered at summary judgment,[5] and Jackson has not provided any basis for the Court to reconsider them here. And because Jackson has not demonstrated that the "newly discovered evidence" could not have been presented at summary judgment, the Court will not consider it now.

In Jackson's second and third grounds for reconsideration, she asserts that the Court made a manifest error by ruling that no dispute of material fact existed as to APS's liability despite (2) evidence that APS employee Pamela Hall launched a retaliatory investigation into Jackson immediately after Jackson complained about a hostile work environment,[6] and (3) an Equal Employment Opportunity Commission (EEOC) finding that APS had discriminated against Jackson.[7] This evidence was also considered at summary judgment,[8] and there is no basis for the Court to reconsider it.

In Jackson's fourth and fifth grounds for reconsideration, she asserts that the Court manifestly erred by refusing to hold evidentiary hearings (4) on union representative Charles Carey's affidavit[9] and (5) to investigate a dispute between

---

[5]  ECF 67, at 7; ECF 67-1, at 7.

[6]  ECF 86, at 2.

[7]  *Id.*

[8]  ECF 67-7, at 51, 76.

[9]  ECF 86, at 2.

two of Jackson's attorneys.[10] Jackson could have, but did not, argue that she was entitled to evidentiary hearings at summary judgment, so the Court will not consider that argument now. To the extent that Jackson also argues that Carey's affidavit creates a dispute of material fact as to APS's liability, the Court notes that Carey's affidavit was already considered by the Court at summary judgment.[11] The Court further notes that Jackson has not explained how an evidentiary hearing on the attorneys' dispute would have changed the result at summary judgment.

## IV.   CONCLUSION

Jackson's motion for reconsideration [ECF 86] is **DENIED**.

**SO ORDERED** this 19th day of March, 2024.

Steven D. Grimberg
United States District Judge

---

[10]   *Id.*

[11]   ECF 67-1.